ORIGINAL

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:    matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   INTERSCOPE RECORDS; WARNER
7  BROS. RECORDS INC.; UMG
   RECORDINGS, INC.; and SONY BMG
8  MUSIC ENTERTAINMENT

FILED
06 MAR 27 AM 10: 31
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,

       Plaintiffs,

v.

JOHN DOE,

       Defendant.

CASE NO. CV 08 1652

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

---

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#36477 v1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

## PARTIES

4. Plaintiff Interscope Records is a California general partnership, with its principal place of business in the State of California.

5. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

8. The true name and capacity of Defendant are unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs

1  believe that information obtained in discovery will lead to the identification of Defendant's true
2  name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

5      9.    Plaintiffs incorporate herein by this reference each and every allegation contained in
6  each paragraph above.

7      10.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of
8  exclusive rights under United States copyright law with respect to certain copyrighted sound
9  recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this
10 Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted
11 Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright
12 Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of
13 Exhibit A.

14     11.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the
15 exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted
16 Recordings to the public.

17     12.    Plaintiffs are informed and believe that Defendant, without the permission or consent
18 of Plaintiffs, has continuously used, and continues to use, an online media distribution system to
19 download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies
20 the IP address with the date and time of capture and a list of copyrighted recordings that Defendant
21 has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public.
22 Through his or her continuous and ongoing acts of downloading and/or distributing to the public the
23 Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and
24 distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive
25 rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are
26 informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously
27 downloaded and/or distributed to the public additional sound recordings owned by or exclusively
28 licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of

1  infringement are ongoing. Exhibit A includes the currently-known total number of audio files being
2  distributed by Defendant.)
3       13.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on
4  each respective album cover of each of the sound recordings identified in Exhibit A. These notices
5  of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.
6  These published copies were widely available, and each of the published copies of the sound
7  recordings identified in Exhibit A was accessible by Defendant.
8       14.    Plaintiffs are informed and believe that the foregoing acts of infringement have been
9  willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.
10      15.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights
11 under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against
12 Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to
13 their attorneys' fees and costs pursuant to 17 U.S.C. § 505.
14      16.    The conduct of Defendant is causing and, unless enjoined and restrained by this
15 Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated
16 or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502
17 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing
18 Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound
19 recordings made in violation of Plaintiffs' exclusive rights.
20      WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:
21      1.     For an injunction providing:
22         "Defendant shall be and hereby is enjoined from directly or indirectly
           infringing Plaintiffs' rights under federal or state law in the
23         Copyrighted Recordings and any sound recording, whether now in
           existence or later created, that is owned or controlled by Plaintiffs (or
24         any parent, subsidiary, or affiliate record label of Plaintiffs)
           ("Plaintiffs' Recordings"), including without limitation by using the
25         Internet or any online media distribution system to reproduce (i.e.,
           download) any of Plaintiffs' Recordings or to distribute (i.e., upload)
26         any of Plaintiffs' Recordings, except pursuant to a lawful license or
           with the express authority of Plaintiffs. Defendant also shall destroy
27         all copies of Plaintiffs' Recordings that Defendant has downloaded
           onto any computer hard drive or server without Plaintiffs'
28         authorization and shall destroy all copies of those downloaded

3

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#36477 v1

recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated: March 27, 2008

HOLME ROBERTS & OWEN LLP

By _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
INTERSCOPE RECORDS; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and SONY BMG MUSIC ENTERTAINMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# JOHN DOE

**IP Address:** 207.62.144.187 2007-11-11 18:40:39 EST

**CASE ID#** 147589685

**P2P Network:** GnutellaUS

**Total Audio Files:** 541

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Natalie | Energy | Natalie | 374-395 |
| Warner Bros. Records Inc. | My Chemical Romance | Helena | Three Cheers for Sweet Revenge | 360-197 |
| UMG Recordings, Inc. | Aerosmith | Angel | Permanent Vacation | 85-369 |
| Interscope Records | Puddle of Mudd | Control | Come Clean | 301-465 |
| SONY BMG MUSIC ENTERTAINMENT | Chevelle | Closure | Wonder What's Next | 324-184 |
| UMG Recordings, Inc. | Nirvana | The Man Who Sold The World | MTV Unplugged In New York | 178-690 |
| SONY BMG MUSIC ENTERTAINMENT | Audioslave | I Am the Highway | Audioslave | 322-103 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | One Sweet Day | Daydream | 215-243 |
| SONY BMG MUSIC ENTERTAINMENT | Wyclef Jean | Guantanamera | Wyclef Jean Presents The Carnival Featuring Refugee Allstars | 251-493 |

JS 44 - CAND (Rev. 11/04)

 # CIVIL COVER SHEET 

BZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

### I. (a) PLAINTIFFS
INTERSCOPE RECORDS; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and SONY BMG MUSIC ENTERTAINMENT

### DEFENDANT
JOHN DOE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
Los Angeles County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
HOLME ROBERTS & OWEN LLP
Matthew F. Jaksa (SBN: 248072)   Phone: (415) 268-2000
560 Mission Street, 25th Floor    Fax:   (415) 268-1999
San Francisco, CA 94105-2994

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "√" IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "√" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "√" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 RR & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| | | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW 405(g) | ☐ 894 Energy Allocation Act |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/disab - Empl | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer w/disab –Other | ☐ 555 Prison Condition | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
17 U.S.C. § 501 et seq. – copyright infringement

### VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23:
DEMAND $ Statutory damages; injunction
☐ CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE March 27, 2008                SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL