Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:         dawniell.zavala@hro.com

Attorneys for Plaintiffs,
INTERSCOPE RECORDS; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and SONY BMG MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DOE,<br>　　　　　　　　Defendant. | CASE NO. 3:08-cv-01652-MMC<br><br>Honorable Maxine M. Chesney<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [~~PROPOSED~~] ORDER** |

1  Plaintiffs respectfully request that the Court continue the case management conference currently set for July 11, 2008 at 10:30 a.m. to October 10, 2008. Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 60 days – until September 23, 2008 – to serve Defendant with the Summons and Complaint. As set forth in greater detail below, Plaintiffs have just recently discovered the true identity of the Doe defendant in this case. Therefore, additional time is needed to file a First Amended Complaint naming Defendant personally and then to serve Defendant with process. In support of their request, Plaintiffs state as follows:

1. Plaintiffs have not requested, and the Court has not granted, any previous continuances of the case management conference in this matter. Moreover, Plaintiffs have not requested any previous extensions of the service deadline.

2. Plaintiffs filed the Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on March 27, 2008. Plaintiffs did not have sufficient identifying information to name the defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP").

3. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on March 27, 2008, seeking the Court's permission to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on April 24, 2008, which was promptly served upon the ISP along with a Rule 45 subpoena. On June 11, 2008, the ISP responded to Plaintiffs' subpoena, providing Plaintiffs with identifying information including Defendant's name, telephone number, and address.

5. Upon receipt of this information from the ISP, Plaintiffs sent a letter to Defendant on June 13, 2008 notifying him of their claims for copyright infringement and encouraging him to make contact to attempt to amicably resolve this matter. In addition, Defendant contacted Plaintiffs on June 6, 2008, before Plaintiffs received a subpoena response from the ISP, and the parties engaged a settlement discussion. No settlement was reached at this time.

6. Plaintiffs have since made follow up attempts to contact Defendant on June 23 and June 25, 2008 to resolve this matter, but were unsuccessful. If Plaintiffs are unable to reach a settlement agreement with Defendant by July 11, 2008, Plaintiffs plan to file a First Amended Complaint naming him individually as the defendant in this case, and then proceed to serve process upon him.

7. Given the circumstances of this case, Plaintiffs respectfully request that the case management conference be continued to October 10, 2008, or such other date as conveniences the Court. Plaintiffs also request an additional 60 days to effectuate service.

8. Plaintiffs submit that their efforts to give written notice to Defendant of their claims and subsequent efforts to resolve the case before naming him in the lawsuit constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: July 3, 2008                                HOLME ROBERTS & OWEN LLP


By: _____ */s/ Dawniell Alise Zavala*___
     DAWNIELL ALISE ZAVALA
     Attorney for Plaintiffs

---

*EX PARTE* APPLICATION AND [PROPOSED] ORDER
Case No. 3:08-cv-01652-MMC
#38584 v1

1 **[PROPOSED] ORDER**

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for July 11, 2008 at 10:30 a.m. be continued to October 10, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and any First Amended Complaint on Defendant be extended to September 23, 2008.

Dated: July 7, 2008         By: _____
                                Honorable Maxine M. Chesney
                                United States District Judge

*EX PARTE* APPLICATION AND [PROPOSED] ORDER
Case No. 3:08-cv-01652-MMC
#38584 v1