Dawniell Zavala (State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
E-mail: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
INTERSCOPE RECORDS; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and SONY BMG MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER RODRIGUEZ,<br><br>Defendant. | CASE NO. 3:08-cv-01652-MMC<br><br>**EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

1    Plaintiffs respectfully request that the Court continue the case management conference currently set for October 10, 2008, at 10:30 a.m. to January 9, 2009. Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 60 days – until December 23, 2008 – to serve Defendant with the Summons and Amended Complaint. As further explained below, Plaintiffs recently filed an Amended Complaint naming Mr. Rodriguez but service has not yet been effectuated. In support of their request, Plaintiffs state as follows:

    1.    The initial case management conference is currently scheduled for October 10, 2008, at 10:30 a.m. The current deadline for service of process is September 23, 2008 having been extended once when defendant was a Doe Defendant. No previous continuances or extensions have been requested or granted in this case.

    2.    Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on March 27, 2008. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP") California State University Monterrey Bay. Accordingly, in order to determine Defendant's true name and identity, Plaintiffs filed their Application for Leave to Take Immediate Discovery on March 27, 2008, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

    3.    The Court entered an Order for Leave to take Immediate Discovery which was promptly served upon the ISP along with a Rule 45 subpoena. On June 11, 2008 the ISP identified the infringer as Christopher Rodriguez. Thereafter, Plaintiffs sent a letter to Mr. Rodriguez formally notifying him of their claim and requesting that he contact Plaintiffs.

    4.    Settlement negotiations did not prove fruitful and on August 26, 2008, Plaintiffs filed an amended complaint naming Mr. Rodriguez individually. Plaintiffs promptly engaged the services of a process server but to date service has not been effectuated.

    5.    Given the foregoing circumstances, Plaintiffs respectfully request that the case management conference be continued to January 9, 2009, or such other date as conveniences the Court.

1

EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 3:08-cv-01652-MMC
#40148 v1 saf

6. Plaintiffs also request an additional 60 days to effectuate service of the amended complaint which was recently filed.

7. Plaintiffs' filing of their Application for Leave to Take Immediate Discovery demonstrates "good cause" under Rule 4 for an extension of time for service. *See, e.g., Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same). Plaintiffs further submit that their attempts to resolve the case without further litigation constitute good cause for the delay in perfecting service. Plaintiffs acted in good faith to try to settle this matter with Mr. Rodriguez without naming him individually in the suit and have attempted to avoid the cost of further litigation for both parties. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

8. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to Defendant from any delay in serving the Complaint.

Dated:   September 23, 2008            HOLME ROBERTS & OWEN LLP


                                       By  _____*/s/ Dawniell Zavala*_____
                                           DAWNIELL ZAVALA
                                           Attorney for Plaintiffs
                                           INTERSCOPE RECORDS; WARNER BROS.
                                           RECORDS INC.; UMG RECORDINGS, INC.;
                                           and SONY BMG MUSIC ENTERTAINMENT

1 **[PROPOSED] ORDER**

2    Good cause having been shown:

3    **IT IS ORDERED** that the case management conference currently set for October 10, 2008,
4 at 10:30 a.m. be continued to January 9, 2009.

5    **IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules
6 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended
7 for 60 days, to December 23, 2008.

8

9 Dated: September 24, 2008        By: _____
                                        ~~Honorable Jeffrey S. White~~
10                                       United States District Judge
11                                       Honorable Maxine M. Chesney